**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000659
01-APR-2019
09:36 AM**

NO. CAAP-18-0000659


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NORDIC CONSTRUCTION, LTD., Lienor-Appellee,
v.
MAUI BEACH RESORT LIMITED PARTNERSHIP, a Foreign Limited
Partnership; Respondent-Appellant,
and
JOHN DOES 1-1000; JANE DOES 1-1000; DOE CORPORATIONS 1-1000; DOE
PARTNERSHIPS 1-1000; DOE "NON-PROFIT" CORPORATIONS 1-1000; DOE
GOVERNMENTAL ENTITIES 1-1000, Respondents.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(Mechanic's Lien NO. 08-1-0017(1))


ORDER
GRANTING NOVEMBER 7, 2018 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By:  Ginoza, C.J., Fujise and Chan, JJ.)

Upon review of (1) Lienor-Appellee Nordic Construction, Ltd.'s (Nordic Construction) November 7, 2018 motion to dismiss appellate court case number CAAP-18-0000659 for lack of appellate jurisdiction, (2) Respondent-Appellant Maui Beach Resort Limited Partnership's (Maui Beach Resort) November 15, 2018 memorandum in opposition to Nordic Construction's November 7, 2018 motion, and

(3) the record, it appears that we lack appellate jurisdiction over Maui Beach Resort's appeal from the Honorable Rhonda I.L. Loo's

- February 26, 2018 post-judgment order granting Nordic Construction's motion for relief from a prior May 16, 2011 post-judgment order discharging and releasing Maui Beach Resort's security bond pursuant to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP), and

- July 23, 2018 post-judgment order denying Maui Beach Resorts' motion for leave to file an interlocutory appeal pursuant to Hawaii Revised Statutes (HRS) § 641-1(b) (2016)

Maui Beach Resort's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) as to the February 26, 2018 post-judgment order, and, furthermore, the July 23, 2018 post-judgment order is not an appealable order under HRS § 641-1(b).

A summary of the procedural history provides the context for the two appealed post-judgment orders. In a prior appeal in appellate court case number 30151 from the same underlying circuit court case in M.L. No. 08-1-0017(1), the Supreme Court of Hawai'i ruled, among other things, that Nordic Construction's "August 8, 2008 application for [a mechanic's and materialman's] lien filed as M.L. No. 08-1-0017 was finally determined by the December 30, 2008 order dismissing the application[,]" and, thus, any subsequent proceeding "was a post-judgment proceeding in M.L. No. 08-1-0017." Nordic Construction Co., Ltd. v. Maui Beach Resort Ltd. Partnership, No. 30151, 2010 WL 1434304 at *2 (Hawai'i Apr. 8, 2010).[1]

---

[1] All of the Nordic Construction Co., Ltd. court's rulings in appellate court case number 30151, including its treatment of the December 30, 2008 dismissal order as a judgment, are the law of the case for M.L. No. 08-1-0017 that, therefore, "may not be disputed by a reopening of the question at a later stage of the litigation." Hussey v. Say, 139 Hawai'i, 181, 185, 384 P.3d 1282, 1286 (2016) (citation and internal quotation marks omitted).

After the conclusion of that appeal, as well as the subsequent entry of an arbitration decision in favor of Maui Beach Resort's interests in a separate but related proceeding, Maui Beach Resort renewed its post-judgment motion to discharge and release its security bond in M.L. 08-1-0017, which the circuit court granted by way of a May 16, 2011 post-judgment discharge order. On November 14, 2017, Nordic Construction filed an HRCP Rule 60(b) post-judgment motion for relief from the May 16, 2011 discharge order in M.L. 08-1-0017. On February 26, 2018, the circuit court granted Nordic Construction's post-judgment motion and vacated the May 16, 2011 post-judgment discharge order pursuant to HRCP Rule 60(b).

A post-judgment order is an appealable final post-judgment order under HRS § 641-1(a) if it ends the post-judgment proceeding, leaving nothing further to be accomplished. Ditto, 103 Hawai'i at 157-59, 80 P.3d at 978-80. The February 26, 2018 post-judgment order appears to have finally determined, and, thus, ended the post-judgment proceeding for Nordic Construction's HRCP Rule 60(b) motion for relief from the May 16, 2011 post-judgment discharge order by having disposed of all the issues that Nordic Construction raised in its Rule 60(6) motion, leaving nothing further to be accomplished in that particular post-judgment proceeding. Therefore, the February 26, 2018 post-judgment order is an appealable final post-judgment order under HRS § 641-1(a).

Nevertheless, Maui Beach Resort did not file its August 21, 2018 notice of appeal within thirty days after entry of the February 26, 2018 post-judgment order, as HRAP Rule 4(a)(1) required for a timely appeal. Therefore, we lack appellate jurisdiction to review the February 26, 2018 post-judgment order. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b).

3

Although Maui Beach Resort filed its August 21, 2018 notice of appeal within thirty days after entry of the July 23, 2018 post-judgment order denying Maui Beach Resorts' motion for leave to file an interlocutory appeal, HRS § 641-1(b) expressly provides that "[t]he refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court." HRS § 641-1(b). See, e.g., State v. Nilsawit, 139 Hawaiʻi 86, 93, 384 P.3d 862, 869 (2016) (Explaining that when a circuit court denies a motion for leave to appeal pursuant to HRS § 641-1(b), "the reason for the ICA's lack of jurisdiction over the Order Denying Leave to Appeal is . . . simply because such an order is not appealable."). The July 23, 2018 post-judgment order is not appealable under HRS § 641-1(b).

Nevertheless, Maui Beach Resort argues that the July 23, 2018 post-judgment order should qualify as an independently appealable final post-judgment order that was necessary for the resolution of Nordic Construction's November 14, 2017 HRCP Rule 60(b) post-judgment motion, because the circuit court included an additional explanation in the July 23, 2018 post-judgment order about how any subsequent issues regarding the posting of any security bond should be addressed in a separate but related proceeding that is ongoing in Civil No. 18-1-0689-05 (BIA). Nevertheless, that additional explanation was superfluous for the purpose of adjudicating Maui Beach Resorts' motion for leave to file an interlocutory appeal pursuant to HRS § 641-1(b). Furthermore, the February 26, 2018 post-judgment order was, by itself, sufficiently final without the additional explanation in the July 23, 2018 post-judgment order, and, as already stated, Maui Beach Resort's appeal from the February 26, 2018 post-judgment order is untimely under HRAP Rule 4(a)(1). Consequently, we lack appellate jurisdiction over Maui Beach Resort's entire appeal.

Therefore, IT IS HEREBY ORDERED that Nordic Construction's November 7, 2018 motion to dismiss appellate court

4

case number CAAP-18-0000659 for lack of appellate jurisdiction is granted.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000659 are dismissed as moot.

DATED:  Honolulu, Hawai'i, April 1, 2019.


Chief Judge


Associate Judge


Associate Judge